ZACHARY S. TOLSON, ESQUIRE - State Bar #242824
MARYSIA S. OKREGLAK, EQUIRE – State Bar #199148
GOODMAN NEUMAN HAMILTON LLP
100 Bush Street, Suite 1800
San Francisco, California 94104
Telephone:  (415) 705-0400
Facsimile:  (415) 705-0411


Attorneys for Defendant
HOME DEPOT U.S.A., INC.


UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA


| | |
|---|---|
| MICHAEL PARKER,<br><br>                              Plaintiff,<br><br>vs.<br><br>HOME DEPOT U.S.A, INC., and<br>DOES 1 TO 25,<br><br>                              Defendants. | Case No. 2:25-cv-01215-TLN-JDP<br><br>**JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND CONTINUE DEADLINES BASED ON GOOD CAUSE; AND ORDER** |

Pursuant to United States District Court Eastern District of California Local Rule 143, Plaintiff MICHAEL PARKER and Defendant HOME DEPOT U.S.A., INC. (collectively "the Parties") hereby stipulate and request the Court to order that the Pretrial Scheduling Order entered on April 28, 2025 (Doc. 3) be modified by extending deadlines by seven (7) months.  The Parties have not requested any modification to or clarifications of the Pretrial Scheduling Order previously.

///

///

///

///

///

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-1-

"The district court is given broad discretion in supervising the pretrial phase of litigation." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir 1992). Rule 16(b) provides that "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Zivkovic v. Southern California Edison Co.,* 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson, supra*, 975 F.2d at 607).

This lawsuit arises from an incident that occurred on May 25, 2023, at the Home Depot store in Woodland California whereby Plaintiff claims to have been struck on the head by an unsecured box of items that fell from an overhead shelf causing him to be injured. Plaintiff seeks economic damages, including wage loss and medical expenses, as well as noneconomic damages. Plaintiff filed his Complaint on March 11, 2025, in Yolo County Superior Court and the case was removed on April 28, 2025. (See Pacer Doc. 1.)

The same day, on April 28, 2025, the Court issued its Pretrial Scheduling Order (Pacer Doc. 3) setting the following deadlines:

Completion of Non-Expert Discovery

(*365 days from the date upon which the last Answer is filed*)…..........April 28, 2026

Expert Disclosure Deadline

(*60 days after close of discovery*)...........................................................June 29, 2026

Supplemental Expert Disclosure

(*30 days after Expert Disclosure*)...........................................................July 29, 2026

Supplemental disclosure and responses

(*30 days prior to dispositive motion deadline*)...........................September 28, 2026

Dispositive Motion Deadline

(*180 days after close of discovery*)..................................................October 26, 2026

Joint Notice of Trial Readiness due

(*30 days after deadline to file dispositive motions*)....................November 25, 2026

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-2-

By this Stipulation the Parties agree that circumstances have arisen, and discovery has been delayed, through no fault of the parties to justify the continuance of all deadlines by seven (7) months based on good cause to allow for the completion of outstanding discovery, including depositions of party witnesses and third parties, to subpoena and receive medical and employment records, and to conduct an orthopedic independent medical examination to which the Parties have stipulated, and to engage in settlement discussions and/or mediation, as set forth more fully herein.

**Grounds to Extend Deadlines for Completion of Non-Expert and Expert Discovery and to Revise Pretrial Scheduling Order**

The Parties hereby stipulate and agree to a seven (7) month continuance of all deadlines because additional discovery is necessary.  The parties are requesting to move all deadlines, but most importantly, the completion of non-expert and expert discovery deadlines by seven months due to the discovery issues discussed below.

Since April 2025, the Parties have engaged in written discovery and produced documents, which resulted in issuance of subpoenas to third party medical providers and employers, which were delayed and are anticipated to be produced in the next 60-90 days. The Parties will meet and confer on dates for depositions of Party witnesses.  The Parties have worked amicably to resolve issues and to meet and confer on discovery issues.

Furthermore, on August 26, 2025, the Demas Law Group associated in as counsel for Plaintiff, which resulted in counsel needing to review records, consult with his client, and get up to speed on the case. Plaintiff continues to suffer from ongoing physical and mental complaints associated with his claimed injuries.  Recently, Plaintiff's counsel confirmed that Plaintiff is not claiming a Traumatic Brain Injury from being struck in the head as set forth in the Complaint; therefore, neither a neurological nor a neuropsychological independent medical examination is necessary to evaluate that claim. However, after meeting and conferring, the Parties agree that an orthopedic examination is appropriate.  Plaintiff underwent spinal surgery in May 2025 and by October 2025 still

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND
CONTINUE DEADLINES BASED ON GOOD CAUSE

reported ongoing neck pain and stiffness, which will require additional care and treatment. Plaintiff's surgery and recovery delayed his deposition, which will occur in the next two months.  Furthermore, given Plaintiff's ongoing lingering orthopedic complaints, the Parties have agreed to and stipulated to an orthopedic examination.  The Parties will meet and confer to obtain dates for the stipulated examination to occur in April 2026, depending on expert availability, which will allow Home Depot time to receive outstanding medical and employment records, and allow the doctor sufficient time to obtain and review medical records, conduct an examination and issue a report. As set forth in his responses to written discovery, Plaintiff also intends to produce financial records of past income to substantiate his lost income claim which may result in additional subpoenas and/or depositions.

On January 27, 2026, Marysia S. Okreglak and Zack Tolson substituted in as handling attorneys for Defendant. Although Plaintiff's responses to written discovery were served July 11, 2025, this occurred while the case was being handled by an attorney new to the firm, who unfortunately did not work out, and subpoenas for medical records were inadvertently delayed.  Furthermore, lead trial counsel Zack Tolson was preparing for trial and otherwise occupied during that time.  As of mid-January 2026, subpoenas for medical records were issued and records will be forthcoming in the next 45-60 days unless motion work is necessary to obtain those records.  Therefore, with the impending deadline of April 28, 2026, for close of discovery, the Parties have agreed that instead of rushing to depose Plaintiff, who still has significant and ongoing discomfort and pain, obtaining all medical records, deposing third party witnesses, and completing the independent medical examination, an additional seven months would allow the Parties to evaluate liability and damages and engage in settlement discussions and possible mediation.

The delays set forth above, through no fault of counsel or the Parties, necessitate a seven (7) month continuance of deadlines for discovery cut-off, expert disclosures, dispositive motions and Joint Trial Readiness Statement.   Given the current discovery deadlines as indicated above, the time remaining is insufficient to complete necessary

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND
CONTINUE DEADLINES BASED ON GOOD CAUSE

discovery including the deposition of Plaintiff, depositions of third parties and treaters, for medical and employment records to be received, for an independent medical examination to occur and for the doctor to review records and issue his report.

To ensure a fair and efficient pretrial process, the Parties have conferred and agreed to modify the Scheduling Order to allow additional time for discovery and all other deadlines. This extension will facilitate the completion of discovery and foster settlement discussions / mediation and promote the interests of justice.

Wherefore the Parties agree to and request a brief continuance of seven (7) months for all deadlines set forth in the Initial Scheduling Order and consistent with the Court's deadlines as follows:

Completion of Non-Expert Discovery........................................November 27, 2026

Expert Disclosure Deadline

(*60 days after close of discovery*).....................................................January 26, 2027

Supplemental Expert Disclosure

(*30 days after Expert Disclosure*)..................................................February 25, 2027

Supplemental disclosure and responses

(*30 days prior to dispositive motion deadline*)....................................April 26, 2027

Dispositive Motion Deadline

(*180 days after close of discovery*).........................................................May 26, 2027

Joint Notice of Trial Readiness due

(*30 days after deadline to file dispositive motions*)............................June 25, 2027

**IT IS HEREBY STIPULATED:**

DATED:  February 17, 2026                    GOODMAN NEUMAN HAMILTON LLP


By:___/s/_____
ZACHARY S. TOLSON
MARYSIA S. OKREGLAK
Attorneys for Defendant
HOME DEPOT U.S.A., INC.

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-5-

DATED:  February 17, 2026          BLACK & DEPAOLI, P.C.


By: ___/s/_____
     KELSEY D. DEPAOLI
     Attorneys for Plaintiff
     MICHAEL PARKER


DATED:  February 17, 2026          DEMAS LAW GROUP, P.C.


By: ___/s/_____
     JOHN DEMAS
     TIMOTHY SPANGLER
     Attorneys for Plaintiff
     MICHAEL PARKER

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

-6-
JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND
CONTINUE DEADLINES BASED ON GOOD CAUSE

# ORDER

The Court has reviewed the Stipulation of the parties above to Modify the Pretrial Scheduling Order.  Pursuant to the parties' Joint Stipulation and good cause appearing, the Pretrial Scheduling Oder in this matter (Doc. 3) is amended as follows:

Completion of Non-Expert Discovery......................................November 27, 2026

Expert Disclosure Deadline

(*60 days after close of discovery*).....................................January 26, 2027

Supplemental Expert Disclosure

(*30 days after Expert Disclosure*)..................................February 25, 2027

Supplemental disclosure and responses

(*30 days prior to dispositive motion deadline*)...................................April 26, 2027

Dispositive Motion Deadline

(*180 days after close of discovery*).......................................May 26, 2027

Joint Notice of Trial Readiness due

(*30 days after deadline to file dispositive motions*)...........................June 25, 2027

**IT IS SO ORDERED.**

DATED: February 17, 2026

_____
Troy L. Nunley
Chief United States District Judge

Goodman Neuman
Hamilton LLP
100 Bush Street, Suite 1800
San Francisco, CA 94104
Tel.: (415) 705-0400
Fax: (415) 705-0411

JOINT STIPULATION TO MODIFY SCHEDULING ORDER AND
CONTINUE DEADLINES BASED ON GOOD CAUSE